# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TORREN W. WYATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0801-CVE-TLW |
| | ) |
| PATRICK R. DONAHOE, | ) |
| Postmaster General of the United | ) |
| States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 10). Defendant argues that plaintiff has failed to effect proper service and plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff Torren W. Wyatt, proceeding pro se, appears to be arguing that defendant is avoiding service of process, and he asks the Court to deny defendant's motion to dismiss. Dkt. # 12.

Wyatt filed this case in Tulsa County District Court, Oklahoma claiming that the "postal service has caused [him] severe problems . . . ." Dkt. # 2-1, at 3. He alleges that he was formerly employed by the United States Postal Service (Postal Service), and he was subject to harassment for an undisclosed reason. Id. at 4. Broadly construing plaintiff's allegations and the documents attached to his petition, it appears that plaintiff suffered an on-the-job injury around 2000 and he claims that the Postal Service discriminated against him due to his physical limitations. Dkt. # 9-3, at 14-15. He also claims that his employment was "wrongfully terminated," and he seeks money damages and a "full medical retirement." Dkt. # 2-1, at 5. Plaintiff sent a summons and copy of the petition to the United States Attorney for the Northern District of Oklahoma, but he did not serve

the United States Attorney General or defendant Patrick R. Donahoe. Dkt. # 2, at 1-2. He claims that he twice attempted to serve Donahoe, but his mail has been returned to him and he believes that Donahoe is avoiding service. Dkt. # 12.

Plaintiff previously filed a case concerning the same subject matter. Torren W. Wyatt v. Patrick R. Donahoe, 11-CV-62-CVE-FHM (N.D. Okla.). The Court found that plaintiff had not stated a claim upon which relief could be granted, but it allowed plaintiff to file an amended complaint more clearly alleging his claims. Id., Dkt. # 10, at 8. The Court also found that plaintiff had not properly served Donahoe, and gave him additional time to effect proper service. Id. Plaintiff filed an amended complaint but he did not properly serve Donahoe, and his claims were dismissed without prejudice to refiling.

Defendant argues that plaintiff has not properly served him under Fed. R. Civ. P. 4 and the case should be dismissed. Defendant has identified two separate deficiencies with the service of process by plaintiff. First, defendant asserts that plaintiff personally placed the summons and copy of the complaint in the mail, and service attempted by a party is invalid. Under Rule 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Even if service is made by mail, the service must be made by a non-party and service placed in the mail by a party is invalid. Constien v. United States, 628 F.3d 1207, 1213-14 (10th Cir. 2010). This rule applies to pro se parties. Id.; Walker v. Pharmaceutical Research and Mfrs. of America, 569 F. Supp. 2d (D.D.C. 2008); McElroy v. Willey, 2007 WL 4064811 (D. Neb. Nov. 15, 2007). The handwritten certificate of service filed by plaintiff shows that he personally placed a summons addressed to Partrick R. Donahoe in the mail. Dkt. # 9-5, at 1. He also sent a letter to the Court stating that he mailed a civil cover sheet and approximately 300 pages of documents to Donahoe.

2

Dkt. # 6. The evidence shows that plaintiff attempted to serve Donohoe by personally placing documents in the mail and he personally sent a summons and copy of the petition to the United States Attorney for the Northern District of Oklahoma, and plaintiff's attempted service was invalid under Rule 4(c)(2). Second, defendant claims that plaintiff has not properly effected service on the Postmaster General or the Attorney General. Defendant is an officer of the United States and service must be made on defendant and the United States in compliance with Rule 4(i). Olsen v. Mapes, 333 F.3d 1199 (10th Cir. 2003). Rule 4(i) provides:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

The return of service filed by plaintiff does not show that he successfully served Donahoe. The return of service states that plaintiff mailed a civil cover sheet and 300 pages of documents to Donahoe, and the delivery confirmation states "Notice Left (No Authorized Recipient Available)." Dkt. # 6, at 3. There is no evidence showing that plaintiff successfully served a summons and copy of the complaint on Donahoe. There is also no evidence that plaintiff sent a summons and copy of the complaint to the Attorney General as required by Rule 4(i). The Court will give plaintiff 30 days

to re-serve defendant in compliance with Rule 4(i), and this case will be dismissed if plaintiff fails to properly serve defendant within that time.

Defendant also argues that plaintiff's petition should be dismissed under Fed. R. Civ. P. 12(b)(6), because he has failed to state a claim upon which relief can be granted. Pro se pleadings are construed liberally. Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). When determining whether to dismiss a pro se complaint, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991) ("We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."). However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

The Court has broadly construed plaintiff's petition and the documents attached to the petition, and finds that plaintiff has not stated a claim. Plaintiff alleges that the Postal Service caused him severe emotional distress and financial problems. It appears that plaintiff may have had

4

a medical problem or on-the-job injury that caused him to take medical leave. He claims that he filed this case to redress alleged harassment, discrimination, assault, and wrongful termination, but there are no facts alleged in the complaint to put defendant on notice of the basis for plaintiff's claims. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Even with the liberal construction given to pro se pleadings, it is not possible to discern an identifiable claim in plaintiff's petition, and the Court will not attempt to construct a claim on his behalf. Defendant's motion to dismiss should be granted, but the Court will provide plaintiff leave to file an amended complaint more clearly stating his claims against defendant.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 10) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in compliance with this Opinion and Order no later than **April 26, 2012**.

**IT IS FURTHER ORDERED** that plaintiff shall re-serve defendant in compliance with Rule 4(i) no later than **May 11, 2012**.

**DATED** this 12th day of April, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that he must file an amended complaint before attempting to re-serve defendant, and he shall serve the amended complaint in compliance with Rule 4(i).