UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TORREN W. WYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0801-CVE-TLW |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General of the United States | ) | |
| Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Amended Motion to Dismiss (Dkt. # 18). Defendant Patrick R. Donahoe asks the Court to dismiss plaintiff's amended complaint (Dkt. # 16) for improper service and failure to state a claim upon which relief can be granted. Plaintiff responds that he has properly served defendant by certified mail, and he has provided over 300 pages of documents showing that his "medical rights" were violated and that he was wrongfully terminated. Dkt. # 19.

On December 5, 2011, plaintiff filed this case in Tulsa County District Court alleging the "postal service has caused [him] severe financial problems by not paying [him] for two [years]." Dkt. # 2-1, at 3. Plaintiff attached over 300 pages of documents to his petition. Defendant removed the case to this Court and filed a motion to dismiss (Dkt. # 10) plaintiff's petition. The Court granted the motion to dismiss. Dkt. # 14. The Court advised plaintiff that he had not properly served defendant under Fed. R. Civ. P. 4(i) because, inter alia, he had not served a copy of the petition and a summons on defendant or the Attorney General of the United States. Id. at 3. The Court also found that plaintiff had not stated a claim, even under the liberal standard of review for

pro se pleadings. However, the Court gave plaintiff an opportunity to file an amended complaint clarifying his claims and to properly serve the amended complaint on defendant. Id. at 5.

Plaintiff filed an amended complaint (Dkt. # 16) containing a list of references to the documents attached to his original petition and an amount of damages he seeks for each specific act of alleged wrongdoing by defendant. The amended complaint does not specifically identify plaintiff's claims by count, but it appears that plaintiff is alleging that he was harassed or discriminated against because of his medical problems. Dkt. # 16, at 3-6. Plaintiff requests damages in the amount of $9,100,000. Id. at 6. The docket sheet shows that the Court Clerk issued a summons (Dkt. # 15) as to Donahoe, and plaintiff filed a return of service showing that certified mail had been sent to Donahoe and Assistant United States Attorney Cheryl Baber. However, the docket sheet does not show that a summons and copy of the amended complaint were served on the Attorney General.

Plaintiff previously filed another case against Donahoe alleging discrimination and harassment due to plaintiff's "medical problems." See Torren W. Wyatt v. Patrick R. Donahoe, 11-CV-62-CVE-FHM (N.D. Okla.). In that case, the Court found that plaintiff had not properly served Donahoe, and it gave him an opportunity to re-serve Donahoe in compliance with Rule 4(i). The Court also found that plaintiff's petition failed to state a claim upon which relief could be granted, and directed plaintiff to file an amended complaint more clearly stating his claims. Id., Dkt. # 10, at 7-8. Plaintiff filed an amended complaint. However, the Court dismissed the complaint due to improper service because plaintiff did not serve the Attorney General as required by Rule 4(i). Id., Dkt. # 15, at 5.

Defendant is an officer of the United States and service must be made on defendant and the United States in compliance with Rule 4(i). <u>Olsen v. Mapes</u>, 333 F.3d 1199 (10th Cir. 2003). Rule 4(i) provides:

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or

    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Even if the Court were to assume that plaintiff served Donahoe with a summons and copy of the amended complaint, plaintiff did not serve the Attorney General as required by Rule 4(i) and he has not successfully served defendant. The Court has already advised plaintiff how to effect proper service on defendant and has given him an opportunity to re-serve defendant, and plaintiff has again failed to properly serve defendant. The Court will not give plaintiff a third chance to serve defendant in compliance with Rule 4(i), and plaintiff's claims should be dismissed for improper service.

Defendant also argues that plaintiff's amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), because he has failed to state a claim upon which relief can be granted. <u>Pro se</u> pleadings are construed liberally. <u>Van Deelen v. Johnson</u>, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that

the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010).  When determining whether to dismiss a pro se complaint, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991) ("We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").  However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

In addition to plaintiff's failure to properly serve defendant, plaintiff's amended complaint also fails to a claim upon which relief can be granted.  The amended complaint is simply a list of references to documents attached to his original petition and the Court is unable to discern what types of claims plaintiff is attempting to allege.  See Dkt. # 16.  Plaintiff complains of harassment "for medical problems," but the Court cannot reasonably construe plaintiff's allegations as a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA).  Plaintiff makes no attempt to describe his medical condition and he has not alleged any facts suggesting that he was disabled as that term is defined in the ADA.  Construing the amended compliant liberally, plaintiff mentions the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA) and he refers to

violations of his "medical rights." Dkt. # 16. Even under the liberal standard applicable to pro se pleadings, the Court does not find that plaintiff has stated a claim for violation of his rights under the FMLA. The Court cannot find any other possible basis for relief based on the facts alleged in plaintiff's amended complaint, and the amended complaint could also be dismissed due to plaintiff's failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion to Dismiss (Dkt. # 18) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 18th day of July, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE